## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CLYDE PIGGIE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-1141-DFH-JMS |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition of Clyde Piggie ("Piggie") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

### Background

The pleadings and the expanded record in this action establish the following:[1]

1.     Piggie is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 07-06-0082, wherein he was found guilty of having violated prison rules of conduct by being in an unauthorized area.

2.     A conduct report was issued on June 6, 2007, reciting that on that date the reporting officer encountered Piggie at a gate at the Pendleton Correctional Facility, an Indiana Prison. Piggie was asked if he had a pass. He responded that he did not, but further stated that he was in the area to have a urine test done for or at the direction of Mr. Raines. In fact, however, Piggie did not have a pass and was not called to the area.

3.     After being supplied with a copy of the written charge and notified of his procedural rights, at a hearing conducted on June 15, 2007, Piggie was found guilty of the misconduct with which he had been charged. He was sanctioned, in part, with the

---

[1] Piggie has not replied to the respondent's return to order to show cause. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true." Piggie did file a document entitled "memorandum of law in support of traverse" (dkt 3), but this was filed concurrent with the habeas petition itself on September 10, 2007, and does not contest or otherwise reply to the respondent's arguments in this case.

deprivation of a period of earned good-time, his administrative appeals were rejected, and this action followed.

## Piggie's Claims

Contending that the proceeding described above is tainted by constitutional error, Piggie seeks a writ of habeas corpus. His specific contentions are that: 1) there was insufficient evidence to support his conviction on the offense charged; 2) he was sanctioned twice for the same offense; and 3) he was denied a hearing before an impartial decision-maker.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Piggie was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

In addition, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default. If confronted with procedural default, Piggie could overcome this procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Under *Wolff* and *Hill,* Piggie received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Piggie was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Piggie's claims otherwise are unavailing here.

- Piggie complains that there was insufficient evidence to support the conduct board's decision. As established in *Hill,* the constitutional standard for sufficient evidence in a proceeding such as Piggie challenges here is that the conduct board's decision be supported by "some evidence." This standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The evidence recited above was ample to support a reasonable adjudicator's finding that he was guilty of the infraction charged. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The conduct report recites in plain English that Piggie was in an unauthorized place at the prison. If Piggie had a pass to be where he encountered the reporting officer he would have been authorized to be there, but he did not have a pass. The fact that he was in that place at that time is undisputed. The evidence was constitutionally sufficient. Piggie's reason for being at that place does not supersede the prison's rules prohibiting inmates from being in unauthorized places.

- Piggie claims that he was sanctioned twice for the same offense "as retaliation for filing a grievance." The double sanction, according to Piggie, consisted in having been placed in segregation for the day as "informal" discipline for having been in an unauthorized area and in then facing the formal charge and further sanctions in No. ISR 07-06-0082. This claim was not included at either level of Piggie's administrative appeal, and hence he has committed procedural default with respect to it. He has neither acknowledged this procedural default nor shown the existence of circumstances sufficient to overcome its effect. The consequence is that the court may not consider the merits of this claim. Even if the court concluded otherwise with respect to the question of procedural default, moreover, Piggie could not prevail on this claim because: (a) the bar against double jeopardy does not preclude criminal prosecution for conduct for which prison authorities have already imposed administrative discipline, see *Garrity v. Fiedler,* 41 F.3d 1150, 1152 (7th Cir. 1994) (citing cases); and (b) placing Piggie in segregation did not constitute punishment in a constitutional sense and did not result in the imposition of "custody" sufficient to trigger any due process interests via a writ of habeas corpus. This form of confinement does not constitute "custody" which can be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized

liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all").

- An inmate facing disciplinary charges has a right to due process that includes an impartial decision-maker. *Wolff,* 418 U.S. at 571; *Pannell v. McBride,* 306 F.3d 499, 502 (7th Cir. 2002). Piggie claims that right was violated here. His contention is that one member of the conduct board, Counselor Ballenger, investigated the grievance Piggie had filed related to his confinement in segregation as related above. In this case, Piggie's right to an impartial decision-maker did not require Counselor Ballenger to recuse himself. Adjudicators are entitled to a presumption of honesty and integrity. *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir.2003); accord *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir.1995). But the constitutional standard for establishing impermissible bias is high. *Piggie,* 342 F.3d at 666. It is undisputed that Counselor Ballenger did not play a disqualifying role in the incident–that is, he did not author the conduct report, he did not investigate the incident described in the conduct report, he was not a witness to the events associated with the charge, and he was not a screening officer who notified Piggie of his procedural rights in connection with the charge. The fact that he may have learned of the incident in an investigative role prior to the disciplinary hearing does not overcome the presumption of honesty. See *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (rejecting argument that conduct adjustment board biased where board members had witnessed prisoner in possession of property he was later charged with stealing), *overruled in unrelated part by White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001). Piggie is therefore not entitled to a writ of habeas corpus based on this claim.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Piggie to the relief he seeks. Accordingly, Piggie's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue. Piggie's "motion to rule on case" (dkt. 15) filed on March 20, 2008, is **granted.**

So ordered.

*David F Hamilton*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 4/7/2008